[601 NYS2d 500]

In the Matter of SEYMOUR FRIEDMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 23, 1993

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn, for petitioner.

*Bower & Gardner,* New York City *(Robert Iscaro* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with five allegations of professional misconduct. The Special Referee sustained Charge Two, and portions of Charges One, Four, and Five, and failed to sustain Charge Three. The Grievance Committee moved to confirm the report of the Special Referee, to the extent that it sustained either all or portions of four charges of professional misconduct against the respondent; to disaffirm to the extent that it failed to sustain Charge Three and portions of the remaining charges; and to sustain the five charges of professional misconduct in their entirety. The respondent cross-moved to disaffirm the report to the extent that it sustained Charge One and to order that the appropriate measure of discipline to impose upon him is a censure.

Charge One alleged that the respondent was retained by Mary Lou Ramm, in or about May 1985, to prosecute her claim for personal injuries sustained in an automobile accident. The respondent met with Ms. Ramm in or about 1987, prior to a pretrial deposition she was scheduled to give at the Nassau County Courthouse later that day. During this meeting, the respondent instructed Ms. Ramm to give testimony at her deposition which the respondent knew to be false.

In committing these acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (1), (3), (4), (5) and (7) and Code of Professional Responsibility DR 7-102 (A) (4), (6) and (7).

Charge Two alleged that from approximately January 1984 through July 1986, the respondent was entrusted as fiduciary with funds belonging to clients. The respondent improperly commingled those client funds with funds of his own, deposited in Chemical Bank Account No. 033-007780, entitled "Seymour Friedman P. C., Special Account".

In committing these acts, the respondent violated Code of Professional Responsibility DR 9-102 (A) and 22 NYCRR 691.12 (a).

Charge Three alleged that from approximately July 1986 through February 1988, the respondent was entrusted as fiduciary with funds belonging to clients. The respondent improperly commingled those client funds with funds of his own, deposited in Chemical Bank Account No. 012-063134, entitled "Seymour Friedman P. C., Special Account".

In committing these acts, the respondent violated Code of Professional Responsibility DR 9-102 (A) and 22 NYCRR 691.12 (a).

Charge Four alleged that from approximately December 1984, the respondent, as attorney for Margaret Gootnick, was entrusted, as fiduciary, with the sum of $650, representing the proceeds of the settlement of a claim instituted on Ms. Gootnick's behalf. After depositing the settlement proceeds into his Chemical Bank Escrow Account No. 033-007780, the respondent drew upon the account check No. 366, payable to the order of Mary Gootnick, in the sum of $308.50. This represented the payment of funds to which Ms. Gootnick was entitled. The bank dishonored that check, upon presentation for payment, due to insufficient funds in the respondent's escrow account.

In committing these acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (1) and (7), and Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Five alleged that the respondent engaged in a pattern of professional misconduct by issuing checks drawn upon his escrow accounts which failed to clear those accounts when presented for payment.

The following checks were drawn by the respondent upon his Chemical Bank Account No. 033-007780 in the amounts specified and were dishonored by Chemical Bank as being drawn against uncollected funds:

(a) No. 372          $       87.50
(b) No. 417          $  17,000.00
(c) No. 419          $  17,665.45
(d) No. 423          $      500.00

The following checks were drawn by the respondent upon his Chemical Bank Account No. 012-063134 in the amounts specified and were dishonored by Chemical Bank as being drawn against uncollected funds:

(a) No. 16387        $    9,946.34
(b) No. 209          $      490.00
(c) No. 371          $  13,502.30
(d) No. 372          $      488.50
(e) No. 373          $  54,009.20
(f) No. 21950        $  17,000.00

The "Seymour Friedman, P. C., Special Account", No. 012-063134, maintained by the respondent at Chemical Bank, was overdrawn on the following dates by the amounts stated:

January 30, 1987     $        8.51
June 28, 1988        $       19.33

In committing these acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (1), (4) and (7) and Code of Professional Responsibility DR 9-102 and 22 NYCRR 691.12.

After reviewing all of the evidence adduced, including the respondent's admissions, we find that the Special Referee properly sustained Charge Two and portions of Charges One, Four, and Five and improperly failed to sustain Charge Three and the following portions of the remaining Charges: (1) Charge One, DR 1-102 (A) (3); (2) Charge Four, DR 1-102 (A) (7); and (3) Charge Five, DR 1-102 (A) (1), (4) and (7) and DR 9-102. Accordingly, the petitioner's motion to confirm in part and disaffirm in part is granted, and the respondent's cross motion to disaffirm the report to the extent that the Special Referee sustained Charge One and to limit the sanction to a censure is denied.

In determining an appropriate measure of discipline to impose, we have taken into consideration the respondent's cooperation with the Grievance Committee, his expressed remorse, his subsequent compliance with the recordkeeping requirements set forth by this Department and the character letters submitted on his behalf. Nevertheless, the respondent has been the recipient of four Letters of Caution, two from the Grievance Committee for the Second and Eleventh Judicial Districts and two from the Departmental Disciplinary Committee of the First Department. In view of his serious professional misconduct, the respondent is disbarred.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Seymour Friedman, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, sus-

pended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Seymour Friedman is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.